IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

R.H.B., A MINOR, BY HER MOTHER AND NEXT FRIEND, LISA BERG; AND J.W.S., A MINOR, BY HIS MOTHER AND NEXT FRIEND, TAMARA SIMMONS,

        Plaintiffs,

v.

STANDGUARD AQUATICS INC.,

        Defendant.

Case No.:

## COMPLAINT

Plaintiffs, through counsel J. Corey Sucher and Richard W. James of DeVaughn James Injury Lawyers and for their claims against Defendant, allege and state:

1. Plaintiffs are both citizens of the state of Kansas.

2. Defendant is a foreign corporation incorporated in the state of Georgia with its principal place of business in the state of Georgia. It may be served through its Registered Agent, The Kim Firm, LLC, at 5755 North Point Pkwy, Suite 50, Alpharetta, Georgia 30022.

3. This Court has jurisdiction over the persons and subject matter.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. At all times relevant, Defendant, upon information and belief, was acting as an independent contractor for the city of Dodge City, Kansas in maintaining, operating, and managing Long Branch Lagoon, a water park in Dodge City, Kansas.

6. Additionally, Defendant, upon information and belief, was incorporated by private citizens to do business for the benefit of its owners and shareholders; it serves many clients in addition to the city of Dodge City, Kansas; and none of its owners, shareholders, officers, directors, and/or employees are employed by or are otherwise affiliated with the city of Dodge City, Kansas.  Accordingly, the city of Dodge City, Kansas did not exercise significant control over Defendant (an independent contractor) in Defendant's performing of its contractual obligations regarding the Long Branch Lagoon water park.

7. On or about June 6, 2021, Plaintiffs were patrons at the Long Branch Lagoon water park in Dodge City, Kansas when they were both injured on the Doc's Plunge boomerang waterslide after sliding over a broken and/or faulty grate at the bottom of the slide.

8. Multiple patrons on the day in question, in addition to Plaintiffs, were injured on the broken/faulty grate on the Doc's Plunge slide before Plaintiffs were hurt, yet Defendant waited until after both Plaintiffs were injured before it shut down the dangerous slide.

9. Defendant and/or its employees, agents, ostensible agents, and/or staff members were negligent as follows:

    A. Failing to use ordinary and reasonable care to maintain its premises in a safe condition for customers;

B. Creating a dangerous hazard by leaving a broken grate at the bottom of a waterslide for patrons to hit on their way down;

C. Failing to warn, either verbally and/or by using signs, and/or other warning devices, of a dangerous area/condition that had been left at the bottom of the waterslide;

D. Failing to mark, with signs, and/or other warning devices, a dangerous hazard that had been left;

E. Allowing a dangerous and unmarked hazard/slide to remain open;

F. Failing to maintain its waterslide in a reasonably safe condition;

G. Violations of Defendant's own policies designed to keep customers safe from hazards;

H. Violations of industry standards relating to inspections and/or maintenance of waterslides and patron safety,

I. Failing to supervise proper inspection and/or maintenance of its waterslides;

J. Failing to utilize an audible warning system to warn patrons of hazards;

K. Failing to have a system in place to help patrons warn management when a safety hazard is present and needs to be addressed;

L. Failing to shut down the waterslide to prevent patron injury;

M. Failing to have adequate safety management protocols in place through use of employee orientation and training, including use of safety manuals and training videos with testing, to help ensure comprehension and understanding by managers, employees, agents, independent contractors, and/or supervisory personnel;

      N. Negligent hiring, retention, supervision, and training of managers, employees, agents, independent contractors, and/or supervisory personnel, as evidenced by, upon information and belief, Defendant's failing to hire safe personnel and failing to properly train its personnel in safety, as well as Defendant's retention of unsafe personnel; and/or

      O. Other negligent actions and/or omissions to be supplemented after discovery.

10. Through principles of respondent superior and vicarious liability, Defendant is responsible for the negligence of its employees and agents.

11. As a result of Defendant's negligence, both Plaintiffs sustained personal injuries. Plaintiffs' damages each include past and future medical expenses; other past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

Plaintiffs each request judgment against Defendant for an amount in excess of $75,000.00, together with the costs incurred herein, and for such other and any further relief as this Court deems fair, just, and equitable.

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiffs demand a pretrial conference and trial by jury of 12 persons in this matter.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Wichita, Kansas as the place for trial in this matter.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ J. Corey Sucher*
    J. Corey Sucher, # 27789
    Richard W. James, #19822
    DeVaughn James Injury Lawyers
    3241 N. Toben
    Wichita, KS  67226
    Telephone: (316)977-9999
    Facsimile: (316)425-0414
    E-Mail:  csucher@devaughnjames.com
    E-Mail: rjames@devaughnjames.com
    ***Attorneys for Plaintiffs***